UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                              Case No.: 8:10-cr-438-VMC-AAS

RYKEITH ANDRE LEVATTE.

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Rykeith Andre Levatte's pro se "Motion to Reconsider to Reduce Sentence Pursuant to the Compassionate Release Statute 18 U.S.C. § 3582(c)(1)(A)(i), Catchall Provision" (Doc. # 594), which the Court construes as a renewed motion for compassionate release. The United States responded on June 27, 2022. (Doc. # 596). For the reasons that follow, the Motion is denied.

I.  **Background**

On March 1, 2012, the Court sentenced Levatte to 384 months' imprisonment for two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A). (Doc. ## 325, 348). Years later, in May 2020, Levatte filed his first motion for compassionate release. (Doc. # 515). The Court denied that motion on June

1

11, 2020, for failure to exhaust administrative remedies. (Doc. # 522).

Now, Levatte again seeks compassionate release under Section 3582(c)(1)(A), as amended by the First Step Act. (Doc. # 594). Levatte argues that his circumstances are "extraordinary and compelling" because he has been rehabilitated and the mandatory minimum consecutive penalty for certain violations of 18 U.S.C. § 924(c), following the passage of the First Step Act, is now much lower than the mandatory minimum penalty that applied to Levatte at sentencing. (Id.). The United States has responded (Doc. # 596), and the Motion is ripe for review.

## II. Discussion

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). In the Motion, Levatte argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it

> finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. U.S.S.G. § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence.").

3

Levatte bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Although he has exhausted his administrative remedies, Levatte's Motion must be denied because he has failed to establish an extraordinary and compelling reason for compassionate release. As the United States points out, "Congress's reduction to the statutory penalties for some convictions under 18 U.S.C. § 924(c)(1)(C) is not an extraordinary and compelling reason under clear Eleventh Circuit law." (Doc. # 596 at 5) (citing Bryant, 996 F.3d at 1262); see also United States v. Tucker, No. 21-12071, 2022 WL 1561485, at *2 (11th Cir. May 18, 2022) ("The district court did not err when it found that it could not consider Congress's 2018 amendment to 18 U.S.C. § 924(c) when it analyzed whether Tucker showed extraordinary and compelling reasons for a sentence reduction under § 3582(c)(1)(A). Accordingly, the district court did not abuse its discretion when it denied Tucker's motion for a reduced sentence."). Likewise, Levatte's claim of rehabilitation does

4

not constitute an extraordinary and compelling reason under U.S.S.G. § 1B1.13.

Finally, the Court agrees with the United States that the Section 3553(a) factors do not support a sentence reduction. (Doc. # 596 at 6). Section 3553(a) requires the imposition of a sentence that, among other things, takes into account the history and characteristics of the defendant, protects the public, reflects the seriousness of the crime, and promotes respect for the law. 18 U.S.C. § 3553(a). Also, a court should only grant a motion for release if it determines that the defendant is not a danger to any other person or to the community. U.S.S.G. § 1B1.13(2). Here, Levatte's crimes — brandishing a firearm during a crime of violence — are very serious and require a lengthy sentence to promote respect for the law.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Rykeith Andre Levatte's pro se "Motion to Reconsider to Reduce Sentence Pursuant to the Compassionate Release Statute 18 U.S.C. § 3582(c)(1)(A)(i), Catchall Provision" (Doc. # 594) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of August, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE